IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES HOWARD STINSON,    :
    :    Civil Action No. 4:07-CV-1237
    Petitioner,    :
    :
    v.    :    (Judge McClure)
    :
DAVID J. WAKEFIELD,    :
    :
    Respondent.    :

**MEMORANDUM**

September 11, 2009

**BACKGROUND:**

On July 9, 2007, Charles Howard Stinson, an inmate at the State

Correctional Institution at Huntingdon, an institution located in the Middle District

of Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Respondents are David J. Wakefield and the Pennsylvania State

Attorney General.

On July 18, 2009, respondents filed what the court construed to be a partial

answer (Rec. Doc. No. 37) and a brief in support of the partial answer (Rec. Doc.

No 28).  Respondents' partial answer asserted that Stinson's habeas petition should

be dismissed as untimely. Petitioner was granted an extension of time within which

1

to file an opposing brief.  On July 8, 2009 petitioner filed a response, and he filed a supplemental response on July 13, 2009.  (Rec. Doc. Nos. 46 and 47).

Also pending is petitioner's partial motion for summary judgment.  (Rec. Doc. No. 29).  On June 30, 2009, we ordered that respondents were not required to filed an opposing brief until further order of the court.

Now, for the following reasons, we will direct respondents to answer the petition and also file a responsive brief to petitioner's motion for partial summary judgment.

**DISCUSSION:**

28 U.S.C. § 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1) and (2) provide that the one-year federal statute of limitations in a § 2254 petition is tolled during direct and collateral review of a "properly filed" application in the state courts. "Properly filed" means only that petitioner filed his state petition in accordance with the state rules for filing. Artuz v. Bennett, 531 U.S. 4 (2000). The fact that the state court dismissed the state petition on procedural default grounds (other than a filing defect) is irrelevant. Id.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners who have filed a § 2254 habeas petition to exhaust available state court remedies with respect to every claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the State. . ." 28 U.S.C. § 2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal

court in a habeas petition." Id.  The exhaustion doctrine does not require prisoners

to file repetitive petitions.  Id. at 844 (internal citations omitted).  The exhaustion

doctrine has not required prisoners to raise the same issues when petitioning for

collateral relief that have already been decided by direct review.  Id.  However, a

prisoner must seek review in a state court of last resort when that court has

discretionary control over its docket.  Id. at 845.

In response to this case, the Pennsylvania Supreme Court issued an Order

that an individual convicted of a crime in Pennsylvania need not lodge a

discretionary appeal to that court in order to exhaust direct appeal rights; appeal to

the Superior Court will suffice. In re Exhaustion of State Remedies in Criminal and

Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa.

May 9, 2000).

### State Court Procedural History

As both the Court of Common Pleas of Lackawanna County and the

Pennsylvania Superior Court have previously stated, the procedural history in this

case is rather convoluted.

On March 14, 1990, a jury convicted the petitioner of aggravated assault,

simple assault, recklessly endangering another person, three counts of burglary,

eleven counts of criminal trespass, nine counts of criminal attempt to commit burglary, and loitering and prowling at night.  (Rec. Doc. No. 39 at 4-5).

On March 23, 1990, petitioner filed a Motion for a New Trial and Motion in Arrest of Judgment.  (Rec. Doc. No. 40 at 58-60).  Although an order disposing of these motions was not presented to this court as an exhibit, we presume that these two motions were denied based on what transpired in subsequent filings.

On February 29, 1993, the Superior Court of Pennsylvania dismissed, without prejudice, a petition brought under Pennsylvania's Post Conviction Relief Act ("PCRA"), as counsel failed to file a supporting brief.  (Rec. Doc. No. 39 at 24).

On May 26, 1993, the Superior Court dismissed, without prejudice, a second petition brought under the PCRA as counsel (a different individual than prior counsel) failed to file a supporting brief.  (Rec. Doc. No. 29 at 39).

On December 5, 1996, petitioner filed a PCRA petition along with a supporting brief.  (Rec. Doc. No. 39 at 9-32).  The petition sought nunc pro tunc relief on the basis of ineffective assistance of counsel, because petitioner's two prior PCRA petitions were both dismissed without prejudice for counsels' failure to file timely briefs.  The petition also sought relief on the basis of ineffective assistance of trial counsel.

On January 2, 1997, the Lackawanna County Court of Common Pleas reinstated the direct appeal rights of petitioner <u>nunc</u> <u>pro</u> <u>tunc</u>. (Rec. Doc. No. 39 at 33).

On February 19, 1999, the Superior Court of Pennsylvania, acting pursuant to the <u>nunc</u> <u>pro</u> <u>tunc</u> reinstatement of direct appeal, affirmed the judgment of sentence of the Court of Common Pleas, but also remanded the case for an evidentiary hearing solely on the ineffectiveness claims. (Rec. Doc. No. 39 at 35-56). The Superior Court directed that if the trial court concluded after the hearing that counsel was ineffective, the sentence should be vacated and a new trial granted. The Superior Court directed that if the trial court did not find ineffectiveness, then Stinson had 30 days to appeal the trial court's finding.

On November 14, 2000 the Pennsylvania Supreme Court denied a Petition for the Allowance of an Appeal. (Rec. Doc. No. 39 at 57).

The hearing authorized by the Superior Court on the issue of ineffective assistance of counsel was held October 18, 2006. (Rec. Doc. No. 47 at 5-10). There is no explanation in the record presented to this court as to why it took seven years after the Superior Court remand for this hearing to be held.

On January 22, 2007 the Lackawanna County Court of Common Pleas denied a petition for relief that petitioner had filed under the PCRA. (Rec. Doc.

No. 39 at 58-65).

On November 28, 2007, the Superior Court affirmed the judgment of the

Court of Common Pleas. (Rec. Doc. No. 39 at 67 to 80). In doing so, the Superior

Court captioned its decision as an appeal from judgment of sentence. This

seemingly minor clerical change in the caption is very important. In a footnote, the

Superior Court explained that although Stinson was appealing the Court of

Common Pleas' denial of relief dated January 22, 2007, what Stinson was actually

appealing was the judgment of sentence. The Superior Court stated:

> Appellant took his appeal from the order denying relief, entered January
> 22, 2007. However, the trial court's review of Appellant's claims was
> conducted after remand from this Court, which was considering
> Appellant's appeal from the judgment of sentence. Because the remand
> arose from an appeal from the judgment of sentence, the instant appeal
> also lies from the judgment of sentence, and we have amended the
> caption accordingly. Id., 67, n.1.

## Discussion

We find that Stinson's petition for writ of habeas corpus is timely.

Although the Pennsylvania Superior Court affirmed the judgment of

sentence on February 19, 1999, the Superior Court, in the same opinion and order,

very clearly and specifically left open the issue of ineffective assistance of counsel,

by remanding the case to the trial court for a hearing. For reasons unclear from the

record, that hearing was not held until October 18, 2006. (Rec. Doc. No. 47 at 5-

7

10). We presume that the trial court found that counsel was not ineffective, as the trial court filed a memorandum and order on January 22, 2007, which denied a PCRA petition filed by Stinson on the issue of ineffective assistance of counsel. (Rec. Doc. No. 39 at 58-65). As a result of the order of the trial court, the Superior Court affirmed the trial court's judgment, but changed the caption from a PCRA appeal to an affirmation of judgment of sentence. (Rec. Doc. No. 39 at 67 to 80). This action by the Superior Court is very important. Clearly, the Superior Court captioned its decision as an affirmation of judgment of sentence, because Stinson's sentence was not final previously. The judgment of sentence was not final because the issue of ineffective assistance of counsel was left open for an evidentiary hearing. Although it inexplicably took seven years after the remand for the evidentiary hearing to take place, the direct appeal process has finally been exhausted, as petitioner did not lodge a discretionary appeal to the Pennsylvania Supreme Court. Petitioner had 30 days to appeal the decision of the Superior Court. See Pa. Rule of Appellate Procedure 1113. Accordingly, petitioner's judgment of sentence became final 30 days after January 22, 2007, i.e., February 22, 2007[1].

---

[1]30 days was calculated pursuant to Pa. R. Civ. P. 106, which would exclude the Legal Holiday of Washington's Birthday.

"A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings." Smith v. Goodwin, 2009 U.S. Dist LEXIS 70725, *9 (D. NJ August 11, 2009) (Cavanaugh, J.) (emphasis added), citing O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for collateral relief that have already been decided by direct review. O'Sullivan, 526 U.S. at 842. The Pennsylvania Supreme Court issued an Order that an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000). We find that petitioner exhausted his state court appellate process on February 22, 2007. Petitioner filed the instant federal habeas corpus petition on July 9, 2007, which is well within the one-year statute of limitations proscribed by AEDPA. Accordingly, we find the petition to have been timely filed.

**CONCLUSION:**

For all of the foregoing reasons, we will direct respondents to file an answer

to the petition for writ of habeas corpus and to file a brief responsive to petitioner's

motion for partial summary judgment.


                                s/James F.  McClure, Jr.
                                James F. McClure, Jr.
                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES HOWARD STINSON,    :
                           :       Civil Action No. 4:07-CV-1237
       Petitioner,       :
                           :
       v.                  :       (Judge McClure)
                           :
DAVID J. WAKEFIELD,     :
                           :
       Respondent.     :

## ORDER

September 11, 2009

For the reasons set forth in the accompanying memorandum,

### IT IS HEREBY ORDERED THAT

1. Respondents are directed to file an answer to the petition for writ of habeas corpus on or before October 13, 2009.

2. Respondents are directed to file a brief responsive to petitioner's motion for partial summary judgment by October 13, 2009.

<u>s/James F.  McClure, Jr.</u>
James F. McClure, Jr.
United States District Judge