IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHARLES HOWARD STINSON,    :
    :
    Petitioner    :
    :    CIVIL NO. 4:07-CV-1237
    :
    v.    :    (Judge McClure)
    :
DAVID J. WAKEFIELD, *et al.*,    :
    :
    Respondents    :

## MEMORANDUM and ORDER

### April 9, 2010

## I.    Introduction

Petitioner Charles Howard Stinson ("Petitioner" or "Stinson"), an inmate

presently confined at the Huntingdon State Correctional Institution ("SCI

Huntingdon") in Huntingdon, Pennsylvania, commenced the above action *pro se* by

filing a petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254.

(Rec. Doc. No. 1.)  Stinson challenges his March 19, 1990 conviction in the

Lackawanna County Court of Common Pleas.  According to the petition, Stinson was

convicted of aggravated assault; burglary (three counts); simple assault; recklessly

endangering another person; criminal trespass (eleven counts); criminal attempt to

commit burglary (eight counts); and criminal attempt to commit theft.  On July 21,

1992, he was sentenced to an aggregate term of imprisonment of ten (10) to twenty

(20) years.  (*See* Rec. Doc. No. 1 ¶¶ 2-3.)

Presently before the Court is Petitioner's motion for partial summary judgment. (Rec. Doc. No. 29.)  Petitioner seeks summary judgment as to the first ground in his petition that the delay in his direct appeal proceedings violated his constitutional rights of due process, equal protection, and to a "speedy direct appeal."  (*See id.* ¶¶ 1, 4-6; Rec. Doc. No. 1 at 8, 9, 11, 13.)  He argues that, because Respondents did not file any opposition to his state petition for habeas corpus in which he sought relief as a result of the delay in his direct appeal proceedings, they waived any contentions they had.  (*See* Rec. Doc. No. 29 ¶ 3.)  He therefore claims that there is no genuine issue of material fact as to Respondents having violated his constitutional rights by causing the delay in his direct appeal proceedings, and that he is therefore entitled to judgment as a matter of law.  (*Id.* ¶¶ 4-10; Rec. Doc. No. 56, Reply, ¶¶ 8-9.)  As relief, Stinson seeks discharge from his judgments of sentence, with prejudice to re-trial, or a reduction of his sentence "by a factor proportioned with the delay in direct appeal proceedings in this matter."  (Rec. Doc. No. 29 ¶ 11.)  For the reasons set forth below, the motion will be denied.

## II.    Discussion

Summary judgment is appropriate in a habeas proceeding, as in other cases "if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Civ. P. 81(a)(4); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; *Hilton v. Braunskill*, 481 U.S. 770, 775-76 & n.5 (1987) ("[W]here, as here, the need is evident for principles to guide the conduct of habeas proceedings, it is entirely appropriate to 'use . . . [general civil] rules by analogy or otherwise.' (quoting *Harris v. Nelson*, 394 U.S. 286, 294 (1969)).  *See also Judge v. Beard*, 611 F. Supp. 2d 415, 419-20 (E.D. Pa. 2009) (Federal Rules of Civil Procedure, including Rule 56, are applicable to petitions for habeas corpus); *Wilson v. Beard*, 2006 WL 2346277, at *4 n.3 (E.D. Pa. Aug. 9, 2006) (same); *Forman v. Cathel,* 2006 WL 840392, at *1 (E.D. Pa. Mar. 27, 2006) (same).

Title 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court's habeas power is "'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'"  *Hassine v. Zimmerman,* 160 F.3d  941, 954 (3d Cir. 1998) (quoting *Henderson v. Frank,* 155 F.3d 159, 168 (3d Cir. 1998)).  "Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually

led to the petitioner's conviction; what occurred in the petitioner's *collateral*

proceeding does not enter into the habeas calculation." *Id.* (emphasis in original). *See*

*also Thomas v. Miner*, 317 Fed. Appx. 113, 115 (3d Cir. 2008) (affirming district

court's determination that petitioner's challenge to Pennsylvania Superior Court's

decision affirming denial of post-conviction relief petition was not cognizable in

habeas petition).

In *Hassine*, the Third Circuit Court of Appeals held that, where a petitioner

seeks relief for a claim that his right to due process has been violated by delay in his

collateral proceedings, his remedy, if any, is a lawsuit for damages or a writ of

mandamus rather than a petition for writ of habeas corpus. *Hassine*, 160 F.3d at 955.

In reaching that holding, the *Hassine* Court invoked the reasoning of the Seventh

Circuit Court of Appeals that a "[d]elay in processing [a] collateral claim does not

make the continued imprisonment of the defendant unlawful, and hence, does not

warrant federal habeas corpus relief." *Id.* at 954-55 (citing *Montgomery v. Meloy,* 90

F.3d 1200, 1206 (7th Cir. 1996), *cert. denied,* 519 U.S. 907 (1996); *Jackson v.*

*Duckworth,* 112 F.3d 878, 880 (7th Cir.) (stating that "federal habeas corpus cannot

remedy a delay in state collateral proceedings because such an error has absolutely

nothing to do with the reason for a defendant's confinement"), *cert. denied,* 522 U.S.

955 (1997)).

In the instant case, the claim as to which Stinson seeks summary judgment arises not from the proceedings that led to his conviction, but rather from his direct appeal proceedings. In addition, the relief Stinson seeks in the instant motion is not solely judgment as a matter of law, but also discharge from his judgments of sentence or a reduction of his sentence. Based on the Third Circuit's holding in *Hassine*, and notwithstanding whether Stinson would be entitled to judgment as a matter of law against Respondents in this action[1], where Stinson is not entitled to habeas relief as to the first ground in his petition regarding delay in his direct appeal proceedings, he also is not entitled to judgment as a matter of law on that claim in the form of a discharge from his judgments of sentence or reduction of his sentence. Therefore, the instant motion for partial summary judgment (Rec. Doc. No. 29) will be denied.

**IT IS HEREBY ORDERED THAT:**

Petitioner's motion for partial summary judgment (Rec. Doc. No. 29) is

---

[1]In responding to the instant motion, Respondents David J. Wakefield, Warden of SCI Huntingdon, and Tom Corbett, Pennsylvania Attorney General, point out that they were not named as respondents to Stinson's state habeas petition in which he sought relief for the delay in his direct appeal proceedings. (*See* Rec. Doc. No. 51 at 3-4.) Because Respondents were not parties to that action, there is no merit to Stinson's argument that their failure to file opposition in his state habeas action entitles him to judgment as a matter of law in this action. Further, because they had no involvement in his direct appeal proceedings, there would be no basis to enter judgment against Respondents in this action as to Stinson's claim that his constitutional rights were violated as a result of the delay in those proceedings.

**DENIED**.

                                          <u>  s/ James F. McClure, Jr.    </u>
                                            JAMES F. McCLURE, JR.
                                            United States District Judge