```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA
```

CHARLES HOWARD STINSON,         :
                                :
            Petitioner          :   No. 4:07-CV-01237
                                :
      vs.                       :   (Judge Kane)
                                :
DAVID WAKEFIELD, et al.,        :
                                :
            Respondents         :

## MEMORANDUM

### Background

On July 9, 2007, Petitioner Charles Howard Stinson, a state inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On February 1, 2012, the court in a 60-page memorandum addressed the nine issues raised by Stinson and in a separate order denied Stinson's petition. (Doc. No. 65.) The court also denied a certificate of appealability. (Id.) On February 27, 2012, Stinson filed an appeal to the Court of Appeals for this circuit. (Doc. No. 66.) In the appeal to Third Circuit Stinson raised, inter alia, the following issues: (1) the admission of preliminary hearing testimony during the state court trial; (2) the use of fingerprint evidence and a photo array; and (3) several ineffective assistance of counsel claims. See Stinson v. Wakefield, et al., C.A. No. 12-1559 (ECF No. 003110892306) (PACER) On August 16, 2012, the Court of Appeals issued an order denying Stinson's application for a certificate of appealability. Id., ECF No. 003110989794. In the order the Court of Appeals

stated that Stinson "failed to make a substantial showing of the denial of a constitutional right." Id.  On December 17, 2012, the Court of Appeals denied Stinson's petition for rehearing en banc. Id., ECF No. 003111110321.  Thereafter, on March 18, 2013, the United States Supreme Court denied Stinson's petition for writ of certiorari. Stinson v. Bickell, 133 S.Ct. 1625 (2013).

On February 6, 2013, Stinson filed in this court a document entitled "Federal Rule of Civil Procedure, Rule 60(b)(1)(2)(3)(6) Motion for Relief from a Final Judgment Order." (Doc. No. 71.)[1]  On February 21, 2013, Stinson filed a document entitled "Supplement to Rule 60(b) Motion." (Doc. No. 74.) Stinson delineates his motion as one for reconsideration. (Doc. No. 71.)  Stinson's Rule 60(b) motion for reconsideration raises issues concerning the manner in which this court reviewed and issued the 60-page memorandum of February 1, 2012.  The motion for reconsideration is fully briefed and for the reasons set forth below will be denied.

**Discussion**

Stinson's motion is brought pursuant to several subsections of Rule 60(b), specifically subsections (1), (3) and

---

1.  A duplicate copy of the motion was filed on February 8, 2013. (Doc. No. 72.)

(6).[2] Rule 60(b)(1),(3) and (6) state in relevant part as follows:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
>
> (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a reasonable time and with respect Rule 60(b)(1) and (3) no more than a year after the entry of the order in question. Moreover, "[t]he grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance to the discretion of a district court." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014). A guiding maxim in equity is that "he who comes into equity must come with clean hands" and this maxim "is far more than a mere banality" but "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter

---

2. Stinson's initial Rule 60(b) motion was also brought pursuant to subsecton (b)(2). However, Stinson stated in his "Supplement to Rule 60(b) Motion" that Rule 60(b)(2) was not applicable. (Doc. No. 74, at 11).

in which he seeks relief[.]" Precision Instrument Mfg. Co. V. Automotive Maintenance Machinery Co., 324 U.S. 806, 814 (1945).

The Court of Appeals for this circuit, in addressing whether or not a Rule 60(b) motion should be granted, stated as follows:

> Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there is a clear error and abuse of discretion." SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978). Relief should only be made available if the claimant presents circumstances that overcome the "interest in the finality and repose of judgments." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987)(citation omitted).

In re: Diet Drugs (Phentermine/Fenfluramine/Dextenfluramine) Product Liability Litigation, 383 F. App'x 242, 246 (3d Cir. June 7, 2010).

Respondents make several arguments including that this court lacks jurisdiction to entertain Stinson's Rule 60(b) motion and, even if the court entertained the motion, the claims raised are devoid of merit. The court agrees with both of those arguments.

With respect to the first argument, the Third Circuit and the Supreme Court addressed Stinson's appeals and ruled against him. The Court of Appeals has held that issues that are "includable" in an appeal cannot be reviewed by the district court pursuant to a Rule 60(b) motion. In Seese v. Volkswagenwerk, A.G, 679 F. 2d 336 (3d Cir. 1982), the Third Circuit found that a

district court is without jurisdiction to alter the mandate of the Court of Appeals on the basis of matters included or includable in the defendant's prior appeal.³  Id. at 337.

Stinson challenges actions by this court which could have been raised in his appeal to the Third Circuit.  Under Seese, this Court is without jurisdiction to consider matters that were "included" in Stinson's appeal to the Third Circuit.  Seese, 679 F.2d at 337 & n.1.  Consequently, ths court is without jurisdiction to entertain his Rule 60(b) motion and alter the mandate of the Court of Appeals with respect to those issues which were includable in the appeal.  See, e.g., Robinson v. Hicks, 2012 WL 825329, at *3 (M.D. Pa. Mar. 9, 2012).

In his "Supplement to Rule 60(b) Motion," Stinson not only discusses those issues challenging the District Court's actions in ruling on his habeas corpus petition, but argues issues, such as an alleged discovery violation and the sufficiency of the evidence.  Those latter issues were already considered and ruled on by the Third Circuit Court.  Therefore, Stinson's attempt to re-litigate the issues of the alleged discovery violation and insufficiency of the evidence in his "Supplement to Rule 60(b) Motion" is unavailing. This Court has no jurisdiction to consider those issues as well as those issues that could have been included in the appeal.

---

3.  The Seese Court held that the Supreme Court's denial of certiorari ended the litigation. Seese, 679 F.2d at 337.

As for Respondents' later argument that the claims are devoid of merit, it is clear from the contentions raised by Stinson and the briefs filed that subsections (1) and (3) have no application here. There is no indication of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or misconduct of the opposing party with respect to this court's entry of the memorandum and order February 1, 2012, or on the part of the court with respect to the denial of his habeas petition. Furthermore, the court discerns no other reason that would justify relief under subsection (6). The court, however, at this point will briefly address Stinson's arguments,

Stinson contends that this Court adjudicated his habeas claims without reviewing transcripts from his state court proceedings or briefs filed in the state courts. However, Respondents submitted relevant portions of the state court record, including a transcript of an evidentiary hearing held on October 18, 2006, and state court opinions which quoted portions from other transcripts of testimony in the trial court, which the court reviewed in its 60-page memorandum of February 1, 2012.

This Court carefully reviewed the state court's findings and evaluated them in accord with 28 U.S.C. § 2254(d). That section directs that the Court determine whether the adjudication of the claims in the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). This court's role in considering a habeas corpus claim was to review the decisions of the state courts. 28 U.S.C. § 2254 provides that the determination of a factual issue by a state court is presumed to be correct, unless the petitioner can show by clear and convincing evidence that a factual finding was erroneous. 28 U.S.C. § 2254(e)(1). Stinson in this case failed to make any such showing. Consequently, the Court was required to give deference to the state courts' factual findings, some of which were based on testimony derived from the transcripts of the proceedings before the trial court.

It was not necessary for this court to review the complete transcripts from the state court proceedings or the briefs filed in the state courts. In their various opinions, the state courts evaluated the testimony of witnesses when discussing the issues that were based on such testimony. In so doing, the courts either quoted from or summarized the pertinent testimony from the corresponding transcripts. This court based its findings on its evaluation of the state court decisions, giving deference to the state court findings when appropriate, as it was bound to do. As noted above, the court also had the benefit of the transcript from an October 18, 2006 evidentiary hearing which was pertinent to several issues in this case.

Stinson also claims that this court acted as an advocate for Respondents because the court addressed Stinson's habeas claims on the merits when Respondents had not done so. However, this court had a duty to address the merits of Stinson's habeas petition. 28 U.S.C. § 2254(a)(A habeas petition may be granted "only on the ground that the [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."). A habeas petition cannot be granted by default. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987) ("[D]efault judgment is not contemplated in habeas corpus cases...."); see also Holden v. Mechling, 133 F. App'x 21, 23 (3d Cir. May 24, 2005)(a district court can sua sponte raise the AEDPA's statute of limitations and summarily dismiss habeas petition as untimely filed).

This Court, therefore, had a duty to evaluate Stinson's habeas claims on their merits under relevant case law, even if the Respondents did not think that it was necessary or appropriate for them to do so. This Court was not acting as an advocate for Respondents. Rather, the Court carefully considered Stinson's petition for writ of habeas corpus as was its duty.

In the present case, Respondents did not feel that Stinson's habeas corpus petition warranted relief on the merits and argued that the petition should be denied on procedural

grounds.  This court rejected the procedural challenge and rightly addressed the merits of the issues he raised in his petition in light of relevant statutory law and case law.

Finally, Stinson questions the court's impartiality and references 28 U.S.C. § 455(a).  There are two statutory provisions for recusal: 28 U.S.C. §§ 144[4] and 455.[5]  These two statutory sections have been deemed in pari materia so that the test for disqualification is similar under both sections.  See, e.g., United States v. Carignan, 600 F.2d 761 (9th Cir. 1979).  To

---

4. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

5. In relevant part, § 455 states that

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

warrant recusal under § 144, the motion and affidavit must allege a factual basis for a finding of extrajudicial bias. The judge must harbor actual bias against the litigant that is not derived from the evidence or conduct of the parties which the judge observes in the course of the proceedings. Johnson v. Trueblood, 629 F.2d 287 (3d Cir. 1980). Under §455, the test for recusal is an objective one. A judge is obliged to recuse himself only if a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality. United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983). Conclusory, subjective allegations of bias will not satisfy the stringent standards for recusal under either statute. Jones v. Pittsburgh National Corporation, 899 F.2d 1350, 1356 (3d Cir. 1990). Furthermore, frivolous or improperly based suggestions that a judge should recuse himself or herself should be firmly declined. City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir.), cert. denied, 449 U.S. 834 (1980); Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985); see also, Advisory Opinion 52, Advisory Committee on Codes of Conduct, Judicial Conference of the United States (April 15, 1977)(absent a Canon pointing to recusal, the dignity of the bench, fulfillment of judicial duties, and concern for judicial colleagues, require that a judge not recuse).

In the present case, Stinson does not argue that this court possessed a personal bias or prejudice concerning a party or personal knowledge of a disputed fact in this case. Furthermore,

the undersigned had and has no bias against Stinson, and Stinson has presented nothing more than a dissatisfaction with how the undersigned has handled this case.  Stinson obviously is dissatisfied with this court's decision and the outcome of his appeals.  Stinson presents no reason to conclude that the undersign's impartiality might reasonably be questioned and his claim that the undersigned was biased against him has absolutely no merit whatsoever.  Furthermore, Stinson did not file a motion for recusal prior to the date this court issued it memorandum and order denying his habeas petition, and Stinson did not raise the issue on appeal which was clearly an "includable" issue.

        An appropriate order will be entered.